SUMMARY ORDER

Petitioner Yi Fu Zheng, a native and citizen of the People’s Republic of China, seeks review of the February 11, 2009 order of the BIA denying his motion to reopen. In re Yi Fu Zheng, No. A077 224 443 (B.I.A. Feb. 11, 2009). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we conclude that the BIA did not abuse its discretion in denying Zheng’s motion to reopen as untimely.
An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zheng’s November 2008 motion was untimely where the BIA issued a final order of removal in June 2002. Moreover, the BIA properly found that Zheng’s motion did not qualify for an exception to the time limitation based on his assertion of changed country conditions in China. See 8 C.F.R. § 1003.2(c)(3)(ii).
It is well-settled that a change in personal circumstances, such as Zheng’s confirmation as a Roman Catholic in the United States and his recent increased devotion to the faith, is not evidence of changed conditions in China. See Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006); Li Yang Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005).
Moreover, the BIA did not err in finding no changed country conditions in China as the 2007 and 2008 U.S. State Department Reports found that: Chinese Catholic clerics have led prayers for the pope and displayed the pope’s picture in some official (i.e., government registered) churches, the majority of Chinese Catholic bishops have reconciled with the Vatican, and the Chinese government allows the Vatican to have a discreet role in the selection of local bishops. Further, the letter Zheng submitted from a friend in China regarding the alleged harassment of Catholics does not compel the conclusion that the treatment of Catholics in China has materially changed since Zheng’s hearing in 2002 or that Zheng would become a specific target of China’s enforcement measures. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169-72 (2d Cir.2008). Contrary to Zheng’s assertion that the BIA faded to consider his evidence regarding changed county conditions, the BIA need not “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner” as long as it “has given reasoned consideration to the petition, and made adequate findings.” Wei Guang Wang, 437 F.3d at 275 (internal quotations omitted).
Thus, the BIA did not abuse its discretion in finding that Zheng failed to demonstrate changed country conditions sufficient to excuse the untimeliness of his motion. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that *562 the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).